**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**NEW YORK**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>324 W MERRICK AVE AUTO, LLC, a limited liability company d/b/a Stream Auto Outlet;<br><br>189 SUNRISE AUTO AMITYVILLE LLC, a limited liability company d/b/a Stream Auto Outlet; and<br><br>2232 SUNRISE HWY AUTO LLC, a limited liability company d/b/a Stream Auto Outlet,<br><br>Defendants. | **Case No. ____________**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission"), filed its Complaint for Permanent Injunction and Other Relief ("Complaint") for a permanent injunction and other relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the advertising, marketing, promotion, offering for sale, lease or financing, or sale, lease, or financing of motor vehicles.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by reasonable consumers, including in all of the following ways:

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.
2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and

understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.
4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.
5. The disclosure must use diction and syntax understandable to reasonable consumers and must appear in each language in which the representation that requires the disclosure appears.
6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.
7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.
8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "reasonable consumers" includes members of that group.

B. "**Defendants**" means all of the Defendants, individually, collectively, or in any combination, and their successors and assigns.

C. **"Total Price"** means the maximum total price, including all mandatory fees or charges a consumer must pay for a motor vehicle, except that charges a Federal, State, or local government agency, unit, or department requires the consumer to pay may be excluded.

# ORDER

## I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles are permanently restrained and enjoined from misrepresenting, expressly or by implication:

A. the costs or terms of purchasing, financing, or leasing a vehicle;

B. the availability of vehicles at an advertised price;

C. whether charges, fees, taxes, products, or services are optional or required;

D. whether any type of or source for financing is required, including to purchase a vehicle or to obtain the vehicle at a particular price or other terms;

E. whether charges, products, or services are authorized by consumers;

F. the amount of any charge, fee, or tax; or

G. any other fact material to consumers, such as: any restrictions, limitations, or conditions; or any aspect of the benefits, performance, efficacy, nature, or central characteristics.

## II. REQUIRED DISCLOSURES

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing motor vehicles, are permanently restrained and enjoined from representing, expressly or by implication, any amount a consumer may pay to purchase, finance, or lease a motor vehicle

without disclosing the Total Price, Clearly and Conspicuously, as the most prominently displayed item in any visual disclosure. Provided, further, for any motor vehicle for which Defendants disclose the Total Price, Clearly and Conspicuously, as the most prominent item in their advertising, Defendants will not be in violation of this provision if a third party also advertises that motor vehicle, as long as: (i) Defendants have provided the third party the Total Price and requested that the third party disclose the Total Price, Clearly and Conspicuously, as the most prominently displayed item; and (ii) Defendants do nothing to contradict, mitigate, or act inconsistent with the request or other provisions of this Order; and (iii) Defendants have taken all steps within their control to ensure the third party discloses the Total Price, Clearly and Conspicuously, as the most prominently displayed item.

## III. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IV. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury. Each Defendant must:

1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2. identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

4. describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

5. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. any designated point of contact; or

2. the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Stream Auto Outlet.

## V. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 5 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendants, in connection with advertising, marketing, promoting, offering for sale, lease, or financing, or selling, leasing, or financing of any motor vehicles, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. a copy of any pencil, four square, or worksheet used to negotiate, desk, or pencil any deal;

D. a copy of all purchase or buyer's orders and all financing or lease documents signed by consumers, whether or not final approval is received for financing or lease transactions;

E. all written communications relating to selling, financing, or leasing motor vehicles with any consumer who signs a purchase order or financing or lease contract;

F. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

G. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

H. a copy of each unique advertisement and other marketing material, sales script, and training material.

## VI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery,

without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## VII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _______________, 202__.**

_________________________________

UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

*/s/ Allison Brown* Date: 11/9/2026

ALLISON BROWN
GREGORY VAN HOEY
ADAM SALTZMAN (NY Bar No. 5519269)
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop 5K21
Washington, D.C. 20580
Phone: (202) 326-3206 (Brown)
Email: abrown3@ftc.gov
Phone: (202) 326-2961 (Van Hoey)
Email: gvanhoey@ftc.gov
Phone: (202) 538-1038 (Saltzman)
E-mail: asaltzman1@ftc.gov

**FOR DEFENDANT 324 W MERRICK AVE AUTO, LLC:**

Date: 10/26/26

Gustavo Ruiz

**FOR DEFENDANT 189 SUNRISE AUTO AMITYVILLE LLC:**

Date: 10/26/26

Gustavo Ruiz

**FOR DEFENDANT 2232 SUNRISE HWY AUTO LLC:**

Date: 10/26/26

Gustavo Ruiz